WALL *et al.*, *vs.* SHIPPARD AND CHAMBLISS.

When a case is reached against a garnishee who has not answered, he is entitled to be called; and if he then appear and depose, it is in time. And were it otherwise, if the plaintiff enters up judgment against the garnishee for the amount admitted in his return, that will amount to a waiver of the irregularity.

Garnishment, from Marion Superior Court. Decision by Judge WORRILL, September Term, 1859.

A summons of garnishment was served on John T. Chambliss, requiring him to answer at March Term, 1859. The

Wall *et al.*, *vs.* Shippard and Chambliss.

garnishee having failed to answer at that Term, the case was continued. On the second day of the next Term of the Court, the case having been regularly called, and no answer having then been filed, it was moved to enter up judgment against the garnishee, Chambliss, for the full amount of principal, interest and costs due on the judgment held by the plaintiffs, The Court refused the motion and allowed the garnishee to be called into Court, and to prepare and file his answer after being called and after coming into Court—to which counsel for plaintiffs excepted.

ELAM & OLIVER, for plaintiffs in error.

BLANDFORD & CRAWFORD, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We cannot doubt but that the Court was right in allowing the garnishee to be called for the purpose of answering the summons. And this case differs from the one cited by counsel as decided by this Court in this: That there the case was called in its order, and neither the principal nor the security appearing, judgment was entered up upon the bond against both, which the Court very properly refused to have vacated on account of the subsequent appearance of the parties.

But here no judgment had been entered. The garnishee answered when called, and filed his return to the summons.

But apart from this, the plaintiffs' counsel entered up judgment against the garnishee for the amount admitted by him to be due. Has he not waived his objection to the irregularity of the proceeding? It would seem so.