## WILLET *vs.* PRICE.

1. Where one is served with summons of garnishment, under the attach-
ment Act of 1856, and fails to make answer at the first Term, and
again at the second, until after judgment is had by the plaintiff on his
attachment debt, and after judgment is given by the Court against the
garnishee for the attachment debt, he being still in default, the answer
coming in after this, although at the same Term, and on the same day
in which judgment was rendered, comes too late to benefit the gar-
nishee. The Court, under the circumstances, has no power to relieve
him from the judgment so decided against him.

*Certiorari,* in Sumter Superior Court.   Decided by Judge
ALLEN, at the October Term, 1860.

The record in this case exhibits the following facts, to-wit:
John V. Price sued out an attachment against George A.
Brown, returnable to the May Term, 1857, of the Inferior
Court of Sumter county, in which Asabel A. Willet was
served with a writ of garnishment requiring him to appear at
the said May Term, 1857, of said Inferior Court, then and
there to answer, on oath, what he was indebted to, or what
effects of the said George A. Brown he then had in his
hands, or did have, at the time of serving said summons of
garnishment.   The said Asabel A. Willet failed to appear
at said May Term, 1857, and failed to answer said summons

at said term. At the November Term, 1857, of the said Inferior Court, Price obtained a verdict and judgment against said Brown for $3,523 63, principal, with interest thereon from the 23d day of February, 1857. The verdict and judgment were obtained, in the forenoon, and after the same were obtained, the counsel of Price moved to enter up a judgment against the said Willet, as garnishee, which motion the Court then granted, and judgment was entered against said garnishee for the amount of the plaintiff's judgment against Brown, the defendant, inasmuch as the said garnishee was still in default, and had failed to answer said summons of garnishment. On the same day, but after said judgment against the garnishee had been rendered, the said Willet appeared in Court and filed his answer to said summons of garnishment, in which he denied being indebted to the said George A. Brown in any manner, either at the time the garnishment was served, or at any time subsequent thereto; and that the only effects of the said Brown that he then had in his hands, or that he did have at the time the summons was served, was a note on A. A. Danforth for $47 61; and some other notes and *fi. fas.* set forth in his answer, and all of which were in the hands of J. M. Coker and William L. Johnson, arbitrators, and which were subject to the order and disposition of the Court. Immediately after the filing of said answer, the said Willet, by his counsel, made a mere verbal motion to the Court to set aside said judgment against the garnishee, upon the ground that the filing of said answer subsequently to the judgment, and during the Term, and before the jury was discharged, was a compliance with the requirements of law, which motion was then and there, at said November Term, 1857, overruled by the decision and judgment of the Court. The minutes of Court do not show the motion or the judgment pronounced by the Court thereon.

At the January adjourned Term, 1859, of said Inferior Court, counsel obtained a regular rule *nisi*, calling upon the said John V. Price to show cause why said judgment should not be set aside and vacated, on the same grounds stated in the verbal motion aforesaid. This rule *nisi* was regularly

served upon the counsel of Price, and Price responded under oath to said rule *nisi*, alleging the facts hereinbefore set forth, and upon the hearing of said rule *nisi*, and the said answer thereto, the Court passed the following order, to-wit:

"A rule *nisi* having been served on John V. Price, to show cause why said judgment should not be set aside, and the said John V. Price having responded in writing under oath, which response is admitted to be true, it is ordered and adjudged by the Court that the said rule *nisi* be discharged, upon the ground, that the Court passed upon said motion at the November Term, 1857, and that the case has been determined by this Court, in which Asabel A. Willet has acquiesced for two years." This order and judgment was excepted to, according to law, and the case was carried by writ of *certiorari*, to the Superior Court of Sumter county, and upon the hearing, was dismissed by the presiding Judge. This decision is the error complained of.

S. C. ELAM for the plaintiff in error.

J. J. SCARBOROUGH and McCOY and HAWKINS, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

John V. Price having prayed an attachment against Geo. A. Brown, returnable to the May Term, 1857, of Sumter Inferior Court, caused a summons of garnishment to be served on Asabel A. Willet, returnable to that term of the Court. To this summons Willet failed to make answer at the return term, and at the November Term, 1857, after the plaintiff in attachment, Price, had obtained judgment on the attachment against the principal debtor, Brown, the Court, on motion of plaintiff's counsel, gave judgment against the garnishee, Willet, for the principal and interest of the attachment debt, he having failed to make any answer up to that time. After the judgment was thus rendered by the Court, Willet, the garnishee, came in and filed his answer, denying indebtedness, etc., and moved the Court, verbally, to set aside the judgment rendered against him in said cause,

which motion the Court refused. Willet took no further steps to relieve himself from this judgment, or to enforce his motion to set aside the judgment, until an adjourned Term of the Inferior Court of Sumter county, held in January, 1859, when, upon the application of Willet, that Court granted a rule *nisi*, calling on Price to show cause why the judgment should not be set aside, on the ground that he, Willet, at the same term, and on the same day on which judgment had been rendered against him, but afterwards, had filed his answer thereto, etc., to which rule *nisi* Price answered in writing, and, on oath, reciting the facts as stated above. Upon the coming in of that answer, Willet, by his counsel, moved to make his motion to set aside the judgment, absolute, which motion the Court refused, and discharged the rule *nisi*. To this judgment of the Inferior Court, Willet sued out a writ of *certiorari*, and upon the hearing thereof before the Superior Court, that Court refused the application, and discharged the writ, and that is the decision complained of before us.

The Attachment Act of the 4th of March, 1856—Pam., p. 29—enacts, that when the garnishee fails to appear and answer at the Term of the Court at which he is required to appear, the case shall stand continued until the next Term of the Court, and if he shall fail to appear and answer by the next Term of the Court, the plaintiff in attachment may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, etc.

The garnishee was required to answer at the return term of the summons; having failed to do this, the law, for his benefit, allowed the case to stand continued until the next term, so that he might have the fullest time and opportunity in which to be heard in answer to the summons. The next term comes, and there is still no answer, although the statute expressly provides that, unless the answer is made by that time, the plaintiff shall have judgment against him; not only that, but the case is regularly called, tried, and judgment rendered, in strict compliance with the statute; and after all

this, the garnishee appears and files his answer, without the slightest excuse for his not having filed it earlier. In the opinion of this Court, the answer came too late to benefit the garnishee. The construction that we give this act is, that the answer must, at least, be made and filed before judgment is had against the garnishee. After the judgment had been pronounced, and the rights of the plaintiff in attachment fixed, by what right, or under what rule of law, could the Court have opened and set aside its own judgment, pronounced in strict obedience to the statute? We are at a loss to imagine on what principle the application is founded.

If it be true that the garnishee was not indebted to the defendant in attachment, nor had his effects in hand, as is stated in his answer, then the case is an exceedingly hard one; but it was brought on the garnishee by his continued and wilful neglect of the plain and positive requirements of the statute; and, from the consequences of such conduct, this Court, nor any other, has the power to relieve him on the case made.

Judgment affirmed.