## RODDENBERY *v.* PATTERSON.

LUMPKIN, J.  1.  Where, on motion, the judge dismissed the defendant's plea to a suit on an open account, and, on evidence being given that the account was correct, directed a verdict for the plaintiff, and a judgment was entered thereon, a bill of exceptions which excepted to such

final judgment and assigned it as error, and excepted to the striking of the plea and duly assigned error thereon, was sufficient to bring before the Supreme Court the question of the correctness of the latter ruling; and the writ of error will not be dismissed. *Lyndon* v. *Georgia Railway and Electric Company*, 129 *Ga.* 353 (58 S. E. 1047).

2. Where the bill of exceptions recited that a motion to dismiss the defendant's plea of recoupment was made on certain stated grounds, based on what appeared on the face of the plea, and that the motion was sustained, an assignment of error on such ruling in the following words was sufficient: "To this order of the court the defendant then and there excepted, and now excepts and assigns error thereon, and says that the court erred in sustaining the motion of the plaintiff and in striking the defendant's plea."

3. Where suit was brought on an open account for the price of bricks alleged to have been sold and delivered by the plaintiff to the defendant, the latter could file a plea of recoupment alleging that the plaintiff contracted to deliver to him a stated number of bricks at a named price, that those delivered were only part of the number contracted for, that the plaintiff failed to deliver the balance, that the market value of such bricks at the time and place for delivery was a specified sum per thousand, being greater than the contract price, and that by reason of the breach the plaintiff was indebted to him the difference between the contract price and the market price, allowing a credit for the bricks delivered.

(*a*)   Such a plea does not involve a rescission of the contract, or a necessity on the part of the defendant to return the bricks received.

(*b*)   The plea filed was sufficient to withstand the motion to dismiss, and the sustaining of such motion was error.

*Judgment reversed. All the Justices concur.*

APRIL 14, 1911.

Complaint. Before Judge Park. Grady superior court. March 7, 1910.

*Roscoe Luke,* for plaintiff in error.

*T. S. Hawes* and *Russell & Fleming,* contra.