### 4989.  CUMMINGS *v.* ARNOLD.

1. The assignments of error raising the point that the court should· not have proceeded with the trial, for the reason that the attorney for the defendant had leave of absence, not being fully verified by the trial judge, will not be considered by this court.
2. The absence of a defendant or of his sole counsel does not authorize the striking of a plea setting up a valid defense to the action. In such a case, though the court may proceed with the trial if no sufficient reason for a continuance appears, the plaintiff is not relieved from establishing the affirmative of the issue formed by the filing of a proper plea. The timely filing of a proper and sufficient plea puts the plaintiff upon proof of his claim or demand, whether the defendant be present or absent.

DECIDED AUGUST 16, 1913.

Motion to set aside judgment; from city court of Lexington—Judge Cloud.  May 5, 1913.

*John J. & Roy M. Strickland,* for plaintiff in error.
*Paul Brown,* contra.

RUSSELL, J.  Arnold sued Cummings upon two promissory notes. The case was continued for several terms of the court, and on December 4, 1912, in the absence of the defendant and his counsel, the court entered a judgment in favor of the plaintiff. Neither the defendant nor his counsel was present at the term at which this judgment was rendered.  On February 3, 1913, the defendant filed a motion to set aside the judgment.  The court refused to set the judgment aside, and the defendant excepted.

1.  The motion to set aside a judgment is based upon two grounds.  We decline to deal with the first ground, because the trial judge does not fully verify the statement of the bill of exceptions with regard to the leave of absence of the defendant's coun-

sel.  In an explanatory note the judge states that it was publicly announced, during the presence of the attorney at the regular November term, 1912, of the city court of Lexington, that there would be an adjourned term, mainly for the purpose of trying cases represented by non-resident attorneys.  The defendant's counsel is a non-resident attorney, and the judge certifies that no mention was made of the case at bar at the time that counsel asked for leave of absence.  As it is the duty of counsel themselves to keep informed of the exact status and condition of all proceedings in which they are interested, and certainly it is not ordinarily the duty of a trial judge to inform attorneys having cases in his court as to when adjourned terms will be held, we may say, in passing, that even if the assignment of error upon this ground had been fully verified, we should probably have sustained the finding of the lower court upon this point.

2.  When this case was called for trial the plaintiff's counsel made a motion to strike the defendant's answer, and the court granted this motion.  Thereafter, without proof, the court entered a judgment in favor of the plaintiff as upon an unconditional contract to which no issuable defense had been filed upon oath.  In striking the plea the court erred, and for this error the court should have set aside the judgment.  The absence of a defendant or of his sole counsel does not authorize the striking of a plea setting up a valid defense to the action.  In such a case, though the court may proceed with the trial if no sufficient reason for a continuance appears, the plaintiff is not relieved from establishing the affirmative of the issue formed by the filing of a proper plea.  In the instant case the defendant had filed a plea to which no timely objection had been offered by demurrer.  In this plea, which was verified by his oath, the maker of the note set up that one of the notes was given under duress, and that the other was without any consideration whatever.  The plea appears to present a good defense.  It was too late to demur at the time of making the motion to strike, and the motion to strike could not properly have been sustained, for the allegations of the answer are sufficient to withstand a general demurrer.  The filing of a proper and sufficient plea puts the plaintiff upon proof of his claim or demand, whether the defendant is present or absent.  Cases can be imagined in which the plaintiff might not be willing to swear in contradiction of the defendant's

plea, and likewise instances may occur in which the plaintiff, as well as the defendant, might be absent without sufficient cause. In the present case the record is silent as to this, but if it had happened that Mr. Arnold, as well as Mr. Cummings, was absent, why should Mr. Arnold, rather than Mr. Cummings, be permitted to sustain his side of the pending issue without proof? Certainly if the case had been one in which the defendant had filed a plea that the note was barred by the statute of limitations, and an inspection of the note itself had demonstrated that the plea was sustained, the court would have been as much authorized to strike this plea as to strike the one actually filed. But we do not apprehend that in such a supposititious case the learned judge who presided would have struck the plea. The order striking the plea should be set aside, and the case should be reinstated upon the second ground of the motion.                                   *Judgment reversed.*