### 8603.  SCOTT & COMPANY v. WARD.

JENKINS, J.  1. Where a case is submitted to the trial judge under an agreement that he shall direct a verdict for one side or the other, and the bill of exceptions itself distinctly shows that there was no controversy about the facts, but that the question submitted was purely one of law, an assignment of error that, "Within thirty days from the direction of said verdict [plaintiffs in error] excepts to the same, and alleges that the court erred in directing said verdict and signing up said judgment, and assigns error on the same, and alleges that said judgment and verdict was error," is sufficient, as it necessarily means that the judgment of the court is excepted to as being contrary to law. *Patterson v. Beck*, 133 *Ga.* 701, 707 (66 S. E. 911); *Ocilla Southern Railroad Co. v. Morton*, 17 *Ga. App.* 703 (87 S. E. 1088); *Savannah Trust Co. v. National Bank*, 16 *Ga. App.* 706, 718 (86 S. E. 49). The motion to dismiss the bill of exceptions is therefore overruled.

2. A landlord's special lien on crops of his tenant arises by operation of law, and is superior to all other liens, except liens for taxes. Civil Code (1910), § 3340; *Colclough v. Mathis*, 79 *Ga.* 394 (3) (4 S. E. 702); *Saulsbury v. McKellar*, 59 *Ga.* 302 (3); *Cochran v. Waits*, 127 *Ga.* 93 (2) (56 S. E. 241).

3. Liens which are created by statute not merely declaratory of the common law, and which are not dependent for their existence on the possession of the property to which they attach, are generally assignable. 19 Am. & Eng. Enc. Law (2d ed.), 25; Ritter *v.* Stevenson, 7 Cal. 388; Duncan *v.* Hawn, 104 Cal. 10 (37 Pac. 626); Sinton *v.* Steamboat R. R. Roberts, 46 Ind. 476; Tuttle *v.* Howe, 14 Min. 145 (100 Am. D. 205); Kerr *v.* Moore, 54 Miss. 286.

4. Such a lien may be assigned by the landlord in writing, and not otherwise, and under such assignment the assignee shall have all the rights of the landlord (Civil Code, § 3372); and this is true whether the rent contract between the landlord and tenant be in writing or not, if the relation of landlord and tenant exists at the time of the execution of the written assignment by the landlord.

5. The defendant in error having foreclosed his landlord's lien by distress warrant, his claim on the funds was superior to that of the plaintiffs in error, who foreclosed a mortgage on the crops of the tenant and placed the mortgage fi. fa. in the hands of the sheriff. The court did not err, therefore, in directing a verdict for the defendant in error, upon the trial of the money rule against the sheriff.

> *Judgment affirmed. Wade, C. J., and Luke, J., concur.*
> DECIDED JANUARY 21, 1918.

Money rule; from Troup superior court—Judge Terrell. February 13, 1917.

*E. T. Moon, B. J. Mayer,* for plaintiffs in error.
*Frank Harwell,* contra.