### 10727. DOUGLAS v. BROOKE et al.

SMITH, J. 1. Where the judgment complained of recites that the motion (which was a motion to set aside a judgment) is overruled "after hearing evidence and argument," and the assignment of error in the bill of exceptions is that "to the order of the court setting aside said judgment plaintiff then excepted, now excepts, and assigns the same as error," and "to the said decree of the court plaintiff then excepted, now excepts, and assigns the same as error," the exceptions are too general and indefinite to present any question for consideration by this court or to furnish grounds for reversing the judgment, since such a case does not involve the mere exercise of the discretion of the trial judge (as in the grant or refusal of a temporary injunction), and issues of both fact and law were determined by the judgment, and it is impossible for this court to know from the exception taken whether the judgment on the law or on the facts is complained of. *C. & W. C. Ry. Co.* v. *Cottonseed Oil Co.*, 22 *Ga. App.* 337 (2), 340 (96 S. E. 586), and numerous cases cited in the opinion.

2. The other assignments of error contained in the bill of exceptions complain of judgments on demurrers, motions to strike answers, and verdicts, all of which had been finally passed upon and adjudicated more than thirty days prior to the date of the tender of the bill of exceptions, and therefore cannot be considered by this court. Civil Code (1910), § 6152; *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240); *First National Bank* v. *Taylor*, 138 *Ga.* 119 (74 S. E. 783); *Grant* v. *Southern Bell Telephone &c. Co.*, 145 *Ga.* 298 (89 S. E. 364).

3. All this will appear from an examination of the entire record; and it further appears from the note of the judge contained in the bill of exceptions that on the trial of the case before the jury on November 21, 1918, when the court was discussing the matter of sending the entire case to an auditor, the plaintiff in open court abandoned all the issues that had theretofore been raised as to demurrers, motions to strike, and what he calls a plea to the jurisdiction, and agreed that the case might be tried on its merits, including the cross-bill of the defendant Brooke. After a verdict which set up an indebtedness to the plaintiff and provided that upon the payment of certain sums by the defendant Brooke the finding should be a full satisfaction of the findings against both the defendants J. W. Lyle and J. P. Brooke, and four days after the adjournment, the plaintiff entered up a judgment for the several sums of money set out in the verdict, but omitted any mention of the other parts of the verdict, and this judgment was entered on the minutes. The plaintiff filed no motion for a new trial, nor did he except to the verdict until more than 60 days had expired, and then only after a motion had been made by the defendant Brooke to set aside the judgment entered in behalf of the plaintiff and enter a decree in accordance with the verdict did he file his bill of exceptions. His failure to make a motion for a new trial and his entering a judgment in his behalf constituted an acceptance by him of the result of this trial by the jury, and cannot be taken advantage of by him.

4. It follows that the writ of error in this case must be

*Dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 26, 1919. REHEARING DENIED DECEMBER 10, 1919.

Motion to set aside judgment; from Cobb superior court—Judge Morris. May 10, 1919.

Application for certiorari was denied by the Supreme Court.

*Lee Douglas,* for plaintiff in error.

*George F. Gober, H. B. Moss,* contra.