## OWEN *v.* MOSELEY, for use, etc.

1. Where a summons of garnishment returnable to the superior court, based on a pending suit, requires the garnishee to make answer at the term of court convening ten days next after service of the summons of garnishment, and the garnishee fails to answer at said term of court and fails to answer at the second term, but makes and files an answer on the first day of the third term before the garnishment case has been called on the docket and before a motion has been made by the plaintiff to enter a judgment against the garnishee for the amount of a judgment he has obtained during the second term against the principal debtor in his pending action, such answer is not too late.

2. The ruling announced in the first division is in response to a question propounded by the Court of Appeals; and in the light of that ruling it becomes unnecessary to answer the second question propounded by the Court of Appeals.

No. 4549. SEPTEMBER 17, 1925.

The Court of Appeals certified (in Case No. 15042) the following questions for decision, as necessary to a proper determination of the case:

"1. Is the answer of a garnishee, filed after the second term of court after the term to which it is returnable and after the rendition of a judgment against the defendant at the second term, but before the call for trial of the case against the garnishee, filed too late, where there does not appear to be any reason or excuse for the garnishee's failure to file the answer at the term to which it is returnable, or at the second term thereafter? See *Wall* v. *Shippard,* 30 *Ga.* 923.

"2. Where the plaintiff moves to strike such answer after it is filed and before the call of the case against the garnishee, must the plaintiff make it affirmatively appear that there was no excuse for the garnishee's delay in filing the answer, before the plaintiff is entitled to a judgment striking and dismissing the answer? The court's attention is called to Civil Code (1910), § 5097; *Arnold* v. *Gullatt,* 68 *Ga.* 810; *Bearden* v. *Metropolitan Street R. Co.,* 82 *Ga.* 605; *Jarrell* v. *Guann,* 105 *Ga.* 139, 142; *O'Neill Mfg. Co.* v. *Ahrens & Ott Mfg. Co.,* 110 *Ga.* 656 (3); *Atlanta Journal* v. *Brunswick Pub. Co.,* 111 *Ga.* 718; *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (9).

"The above questions are predicated upon the following facts as disclosed by the record: W. L. Moseley, for the use of the Bank of Stockbridge, brought suit against D. J. Green, returnable to the October term, 1921, of the superior court of Henry County, and on the 18th day of November, 1921, caused summons of garnishment to be served upon G. H. Owen as garnishee, which summons of garnishment was returnable to the April term, 1922, of the superior court of Henry County. Neither at this term nor at the October term, 1922, did the garnishee make answer to the summons of garnishment; but upon the 16th day of April, 1923, which was the first day of the April term, 1923, and before any motion was made to enter up a judgment against the garnishee, the garnishee filed an answer to the summons of garnishment, and therein answered no indebtedness, and no money, property, or effects belonging to the defendant. At the adjourned term of this court, on July 2, 1923, the answer was, on motion of the plaintiff, stricken, but it does not appear that the garnishee had no excuse for his delay in filing the answer. It appearing that judgment in the principal sum of $8,427, together with interest and attorney's fees, had, on the 18th day of October, 1922, been rendered in favor of the plaintiff, W. L. Moseley, for use, against the defendant, D. J. Green, the court rendered judgment in the sum of $8,427 against the garnishee. The court based the order striking the answer upon the ground that the answer had not been filed within the time prescribed by law."

*E. M. Smith,* for plaintiff in error. *Reagan & Reagan,* contra.

ATKINSON, J. 1. Garnishments may issue (a) "where suit is pending," or (b) "where judgment has been obtained" (Civil Code

(1910), § 5265; Acts 1822, p. 53; Cobb's Dig. 77; Acts 1855-6, pp. 25, 36), or (c) in attachment cases (Civil Code (1910), § 5094; Acts 1799, p. 56; Cobb's Dig. 70; Acts 1855-6, pp. 25, 28. In instances where suit is pending or judgment has been obtained, the garnishment is obtained by the making of a prescribed affidavit and giving a prescribed bond. Civil Code, § 5268. When the affidavit and bond have been made, summons of garnishment issues, directed to the person sought to be garnished, requiring him to appear at the next term of the court where the suit is pending or where the judgment was obtained; but if the next superior court shall be held within less than ten days from the time such summons shall issue, then the garnishee shall be required to appear at the next court thereafter, then and there to depose on oath, etc. After the summons of garnishment shall have issued, the affidavit and bond and summons being delivered to any officer authorized by law to levy an attachment, it shall be his duty to serve such summons of garnishment upon the person to whom it is directed, and make an entry of such service upon the affidavit and bond, and return the same to the court to which the person summoned as garnishee is required to appear, "and all subsequent proceedings shall be the same as in this Code prescribed in relation to garnishment in cases of attachment." Civil Code (1910), § 5269; Acts 1822, p. 53; Cobb's Dig. 77; Acts 1823, p. 85; Cobb's Dig. 79; Acts 1855-6, pp. 25, 37. In cases of attachment when the garnishee appears and answers that he is indebted or has property or effects in his hands belonging to the defendant in attachment, judgment shall be rendered against him for such acknowledged indebtedness, etc. Civil Code (1910), § 5098. When the summons of garnishment is returnable to the superior or county court, and the plaintiff in attachment is not content with the answer of the garnishee, he may, at the term of the court to which the return is made, traverse the same, etc. Civil Code (1910), § 5099. But "when any person summoned as garnishee fails to appear in obedience to the summons, and answer at the first term of the court at which he is required to appear, the case shall stand continued until the next term of the court; and if he should fail to appear and answer by said next term, the plaintiff may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, or so much thereof as shall remain

unpaid at the time the judgment is rendered against the garnishee; and the court may continue the case until final judgment is rendered against the defendant in attachment." Civil Code (1910), § 5097; Acts 1823, p. 85; Cobb's Dig. pp. 79, 83; Acts 1834, p. 79; Acts 1855-6, pp. 25, 29. The above-quoted provision of the Civil Code (1910), § 5097, is the statute now of force upon which the question for decision hinges. It is a codification of a part of the act approved March 4, 1856 (Acts 1855-6, pp. 24, 29). Formerly it was provided: "That when any person shall fail to appear and depose, on being summoned as a garnishee, the court on application shall proceed against him by attachment for contempt." Acts 1822, p. 53, sec. 4. This statute required immediate answer to the summons of garnishment, under pain of attachment as for a contempt of court, and did not provide for a money judgment against the garnishee for failure to answer the summons of garnishment. It was highly penal in character. This was superseded by the act of 1832 (Acts 1832, p. 113), which provided that when any person "shall fail to answer after being duly summoned as garnishee, . . it shall be the duty of the court to enter judgment against said garnishee . . for the amount of the plaintiff's demand, and costs: Provided, however, that such judgment shall not be entered before the plaintiff shall have obtained judgment against the defendant . . in the case, if he . . shall not have obtained judgment against the defendant . . before the issuing of the garnishment." In *Carhart* v. *Ross,* 15 .*Ga.* 186, 188, this court said: "By the act of 1832 [the above-mentioned act] judgment was rendered against the garnishee, immediately on failure to answer. But this provision was esteemed too rigorous, and justly so; and it was repealed by a subsequent act." The "subsequent act" referred to was the act of 1834 (Acts 1834, p. 79), which declared: "In all cases, in any of the courts of this State, where any person or persons shall fail to answer, after being duly summoned as garnishee or garnishees, the court, upon motion of the plaintiff or his attorney, shall pass a rule or order requiring the garnishee or garnishees to answer at such time as the court may direct, or show cause why judgment should not be entered against him, her, or them for the amount of the plaintiff's demand and costs, which rule shall be served by the sheriff or his deputy; and if the garnishee or garnishees shall fail to answer or show

cause at or by the time limited in the said rule or order, the court shall enter judgment against the garnishee or garnishees for the amount of the plaintiff's judgment with costs." This remained the law until the adoption of the act approved March 4, 1856 (Acts 1855-6, p. 25). Section 15 of that act was as follows: "When any person summoned as garnishee fails to appear in obedience to the summons, and answer at the term of the court at which he is required to appear, the case shall stand continued until the next term of the court, and if he shall fail to appear and answer by the next term of the court, the plaintiff in attachment may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, or for so much thereof as shall remain unpaid at the time judgment is rendered against the garnishee, and it shall be lawful for the court to continue the case against the garnishee until final judgment is rendered against the defendant in attachment." This is substantially the same as the above-quoted section 5097 of the Code.

From the history of the foregoing legislation it appears that in the beginning the failure of the garnishee to answer rendered him subject to be proceeded against only as for a contempt of court. This was changed by amendment so as to authorize the issuance and service of a rule calling upon the garnishee to show cause why judgment should not be entered against him for the amount of the plaintiff's demand with costs, and, upon his failure to answer or show cause by the time limited in the rule, to authorize a judgment against him for such amount; and this was subsequently changed by the act of 1856, supra, by omitting the provision for service of a rule upon the garnishee, and allowing the plaintiff, after having obtained a judgment against the principal debtor, to enter up judgment "on motion" against the garnishee for the amount of the judgment he had obtained against the principal debtor. While the formality of a rule against the garnishee was dispensed with, the statute as finally amended contemplated the call of the case in its order on the docket of the court and affirmative action on the part of the plaintiff after he had taken his judgment against the principal debtor, before he would be entitled to enter a judgment against the garnishee. This is obvious from the words in the statute, "on motion." Those words could have no other meaning. They can not be written out of the statute. The

history of the legislation shows that they were left in the statute for a purpose, that is to require the plaintiff to formally move for a judgment in the court. This was less than taking out and serving a rule upon the garnishee, but it was nevertheless a required formality that might attract the attention of a negligent garnishee and enable him to show, if he could, why judgment should not be rendered against him. It is the duty of the garnishee to file his answer at the term to which he is required by the summons of garnishment to appear, and, failing to answer at such term, it is his duty to file his answer "by the next term," but the statute does not declare that he may not file it later. His answer should show what he was indebted to the principal debtor between the date of the service of the summons of garnishment and "the time of making his answer," not until some particular term of the court. The longer the garnishee delays his answer the longer would the summons of garnishment be operative against him, and consequently the greater likelihood of the garnishment bearing fruit for the plaintiff. The plaintiff profits rather than suffers by the delay of the defendant's answer. If his garnishment is based upon a judgment, or if he has obtained his judgment in a pending action against the principal debtor, he can at the second term, the garnishee having failed to answer, cause the garnishment case to be called, and "on motion" enter up judgment against the garnishee. In these circumstances it is impossible under the statute for the plaintiff to be injured by mere delay of the garnishee to file his answer. Attachment process was unknown to the common law, and should be strictly construed. *Mills* v. *Findlay,* 14 *Ga.* 230 (3). Moreover, requirement of a delinquent garnishee who might not be indebted, etc., to pay the amount owing to the plaintiff on his judgment against the principal debtor, would be in the nature of a penalty. It would seem that before exacting such a penalty the statute should say expressly or by necessary implication that the garnishee is not allowed to the time the plaintiff moves for judgment against him, in which to file his answer to the summons of garnishment. Such is not the substance of the statute under consideration. As indicated above, the statute contemplates affirmative action on the part of the plaintiff, as indicated by employment of the words "on motion," before he can exact the penalty. It would be an injustice if the plaintiff, having his judgment against

the principal debtor at the second term, could stand by and let that term expire without making any motion for a judgment, and yet cut the garnishee off from making answer, when the plaintiff elects to move for a judgment at the third or a subsequent term. By doing so, the plaintiff would be taking an advantage of his own delay; one that the statute does not contemplate. A proper construction of the statute is that the answer of the garnishee is not too late at any time if it comes before or at the time the plaintiff moves to enter up judgment against the garnishee for the amount of the judgment he has obtained against the principal debtor.

In *Willet* v. *Price,* 32 *Ga.* 115, referring to this statute, the court said: "The construction that we give this act is that the answer must, at least, be made and filed before judgment is had against the garnishee." In that case the garnishee did not answer until after the garnishment case had been called, and "on motion" of plaintiff's counsel judgment had been rendered against the garnishee. Of course, after judgment against the garnishee had been rendered, it was conclusive and too late for the garnishee then to make his answer. The court refused the subsequent motion of the garnishee to set aside the judgment and to allow him to make an answer. This court said: "After the judgment had been pronounced, and the rights of the plaintiff in attachment fixed, by what right, or under what rule of law, could the court have opened and set aside its own judgment, pronounced in strict obedience to the statute?" The construction placed upon the act by the court was in keeping with its prior ruling in *Wall* v. *Shippard,* 30 *Ga.* 923, applying the same statute. It was there said: "When a case is reached against a garnishee who has not answered, he is entitled to be called; and if he then appear and depose, it is in time." The facts in that case were that a summons of garnishment required the garnishee to answer at the March term, 1859. The garnishee having failed to answer at that term, the case was continued. On the second day of the next term of the court, the case having been regularly called, and no answer having then been filed, it was moved to enter up judgment against the garnishee for the amount of plaintiff's judgment against the principal debtor. The court refused the motion, and allowed the garnishee to be called into court and to prepare and file his answer after being called and after coming into court. The exception was to this judgment. In

the opinion the court distinguished former cases by pointing out that the garnishee did not make any appearance until after the case had been called in its order and judgment had been rendered against him. The cases above cited have not been overruled. The construction placed upon the statute by the decisions in those two cases is now binding upon this court, and supports the proposition above announced that the answer of the garnishee is not too late at any time if it comes before or at the time the plaintiff moves to enter up judgment against the garnishee for the amount of the judgment he has obtained against the principal debtor. In *Bearden* v. *Metropolitan Street Railroad Co.*, 82 *Ga.* 605 (9 S. E. 603), the facts were that a summons of garnishment issued on May 4, 1887, was made returnable to the June term. No answer was filed during the June term. On January 14, during the December term, the case was reached in its order, and, no answer having been filed to the summons of garnishment, counsel for the plaintiff moved the court to enter up judgment against the garnishee. Counsel for the garnishee asked for "further time to look into the matter," which was allowed by the court, and he afterwards brought in and filed an answer; whereupon counsel for the plaintiff moved the court to strike the answer of the garnishee and enter up judgment against him, as in cases of default; which motion was denied by the court. The plaintiff excepted. The judgment was reversed, it being stated in the opinion that when "the case was reached in its order, . . the plaintiff was entitled, under the law, to a judgment against the garnishee, unless the garnishee had then and there shown sufficient cause to the court why he had not answered before that time." It was further stated in the opinion: "If the garnishee had been present when this case was reached in its order, and had proposed then to file his answer, and the court had allowed it, as was done in the case of *Wall* v. *Shippard*, 30 *Ga.* 923, we would not have interfered with his judgment."

The facts in the case of *O'Neill Manufacturing Co.* v. *Ahrens & Ott Manufacturing Co.*, 110 *Ga.* 656 (36 S. E. 66), as they appear from the reporter's statement of facts, were that summons of garnishment based on a judgment was issued and served, returnable to the January term, 1897, of the superior court. In 1899 the plaintiff filed a petition for rule requiring the garnishee to show cause on April 10th, during the call of the motion docket, why

judgment should not be entered up against him for the amount due on the judgment against the principal debtor. The petition alleged that the garnishee had failed to answer the summons of garnishment, and that he was still in default. The garnishee answered the rule, and admitted that the original garnishment affidavit and bond contained a return of service; but alleged that it had answered every summons of garnishment that had been served upon it at the time directed by the summons, that on or about the date of the garnishment affidavit and bond it was served with summons of garnishment which upon information and belief was returnable to the city court, and accordingly the garnishee made answer to that court, and that it now traverses the return of the officer and says that the summons of garnishment was not in fact served upon the garnishee. The officer was not made a party. By amendment to the answer the garnishee tendered an answer to the summons of garnishment, denying any indebtedness and praying that such answer be allowed nunc pro tunc. The case came to the Supreme Court on exceptions to a judgment which in effect overruled the respondent's answer to the rule nisi and authorized the plaintiff to recover from the garnishee the amount due on the judgment against the principal debtor. This court held, in effect: (1) That it was the duty of the garnishee to have filed its answer in the superior court. (2) That the answer was in effect a traverse of the officer's return, that the officer was a necessary party, and, he not having been made a party, "there was no error in striking the answer to the plaintiff's motion to enter judgment, or in entering a judgment in the plaintiff's favor against the garnishee." (3) "Where a garnishee was in default in making answer at the term at which he was directed so to do, and also at the next term thereafter, there was no error, after the lapse of several other terms, in refusing to allow the garnishee to then answer the garnishment." So in this case the court acted "on motion" of the plaintiff, before the garnishee offered to file an answer to the summons of garnishment. The decision of the court was put mainly on the proposition that the officer was not made a party to the traverse of his return. If there had been no such practice question, it would seem that under the ruling in *Wall* v. *Shippard,* 30 *Ga.* 923, the garnishee should have been allowed to file his answer to the garnishment, at the hearing of the rule nisi, but that case

was overlooked by the court. In any event the decision was not by the entire bench of six Justices, and is not binding upon this court as a precedent. In *Atlanta Journal* v. *Brunswick Publishing Co.*, 111 *Ga.* 718 (36 S. E. 929), a summons of garnishment returnable to the March term, 1899, based on a pending suit, was served on January 21, 1899. The plaintiff recovered a judgment in his pending action, on June 12, 1899. The garnishee filed an answer to the summons of garnishment, June 15, 1899, denying indebtedness to the principal defendant. After the garnishee filed his answer, the plaintiff filed a petition alleging facts as indicated above, and praying that the answer of the garnishee be stricken and that the petitioner have judgment against the garnishee for the amount of the judgment. At a trial of the case evidence was heard, and the trial judge sustained the prayers of the petition and rendered a judgment in favor of the plaintiff for the amount due on the judgment against the principal debtor. The judgment of the trial court was reversed by the Supreme Court. It was said in the course of the opinion: "For aught that appears, this answer, while out of time, was made before the calling of the garnishment case on the docket, and, as it is provided by the Civil Code, § 4726, that the plaintiff shall not have judgment against the garnishee until he has obtained judgment against the defendant, under no circumstances could the plaintiff have obtained a judgment against the garnishee until the 12th of June, three days before the garnishee answered. The delay to the plaintiff could not have been very material." The above excerpt from the opinion is followed by a citation of other cases in which, on motions by plaintiffs to enter up judgments against garnishees, the answers of the garnishees were allowed, which were filed before the cases were reached on the docket. It would make this opinion too long to make further reference to those cases. In *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (48 S. E. 25), the original record of file in this court, so far as material to be stated, shows the following: Summons of garnishment based on a pending suit was served on August 25, 1902, returnable to the next ensuing term of the city court. The plaintiff recovered a verdict against the principal debtor at the June term, 1903, but no judgment was rendered in the case. On September 15, 1903, a judgment nunc pro tunc was rendered on the verdict. The garnishee had never filed

an answer in the city court, and was not present and did not offer to file an answer. On the same day the court, "upon the motion of the plaintiff's counsel," entered up judgment against the garnishee for the amount of the judgment obtained against the principal debtor. On October 15, 1903, before the adjournment of the term, the garnishee filed a petition to set aside the judgment against it, for stated reasons. The petition was granted, and on exception the judgment of the trial court was reversed. The opinion did not refer to the older cases of *Wall* v. *Shippard,* 30 *Ga.* 923, and *Willet* v. *Price,* 32 *Ga.* 115, but the ruling was in accord with those decisions, for the reason that the garnishee had never filed an answer, and the judgment against the garnishee was rendered at a regular hearing and "on motion" of the plaintiff's attorney, after he had obtained his judgment against the principal debtor. The decision in effect applied the statute as construed in the cases of *Wall* v. *Shippard* and *Willet* v. *Price,* but, under the particular facts, application of the principle required a judgment against the garnishee. In *Dannenberg Co.* v. *Adler-May Co.,* 137 *Ga.* 111, 113 (72 S. E. 906), it was said: "It has been said, however, . . that after the second term the court can only allow an answer to be filed by the garnishee upon showing some reason legally sufficient to excuse a previous failure to do so." The decision above announced does not contravene this principle, for the reason that under the statute a plaintiff could never take a judgment against the garnishee until after he had obtained his judgment against the principal defendant, nor could he take a judgment against the garnishee except "on motion" on the call of the garnishment case. In other words, a garnishee shows a "legally sufficient" reason for allowing him to answer after the second term if he shows either that the plaintiff has not obtained a judgment against the principal defendant or that he is present and ready to answer at the time the garnishment case is called and the plaintiff moves for judgment against him. If the plaintiff would have been authorized to move for judgment at an earlier date by having obtained a judgment against the principal debtor, any delay in making such motion would be attributable to the plaintiff, and the garnishee should not be required to suffer by the plaintiff's delay. In the case now under consideration the facts, as stated in the question propounded by the Court of Appeals, are different from

those involved in the case of *Jones* v. *Bibb Brick Co.*, supra. While the plaintiff's judgment was obtained against the principal debtor at the second term of court, the garnishment case was not called and the plaintiff did not move to enter up judgment against the garnishee until the third term, at a date subsequent to the first day of that term on which the garnishee filed his answer. In these circumstances, under application of the principles referred to above, the garnishee's answer was in time. The foregoing is a sufficient answer to the first question propounded.

2. As it appears from the statement of facts set out in the question propounded by the Court of Appeals that the answer filed by the garnishee was in time, it becomes unnecessary to answer the second question propounded by the Court of Appeals.

*All the Justices concur.*