17541. LOUIS K. LIGGETT COMPANY *v.* FOSTER, trustee.

LUKE, J. 1. There is no assignment of error in the bill of exceptions upon the judgment sustaining the motion to set aside the verdict and judgment previously rendered. There is, however, an assignment of error in the bill of exceptions upon the judgment denying a motion to dismiss the motion to set aside the verdict and judgment, the bill of exceptions reciting that the motion to dismiss the motion to set aside the verdict and judgment was made "on the ground that defendant in error, the movant in the motion to set aside the verdict and judgment, had failed to show by sufficient competent evidence that it had a meritorious claim to the property levied on, that no facts had been introduced before the court showing how the title of the claimant to the

Appeal and Error, 3 C. J. p. 483, n. 14; p. 518, n. 49; 4 C. J. p. 648, n. 32.
Judgments, 34 C. J. p. 321, n. 81 New; p. 329, n. 55; p. 333, n. 59.

property was acquired, and that the motion to set aside the verdict and judgment should be dismissed on the ground of the insufficiency of the evidence. The court heard the motion and overruled same, to which plaintiff in error excepted and now excepts and assigns the same as error." This motion was in the nature of a general demurrer; and if it had been sustained, this would have been a final determination of the case, and hence the exception was to a final judgment. The exception was sufficient, as it clearly appears that the error alleged and excepted to was an error of law. See Scott v. Ward, 21 Ga. App. 535 (94 S. E. 863). The case of Douglas v. Brooke, 24 Ga. App. 515 (101 S. E. 313), cited by the defendant in error, is distinguished from this case by the fact that that case involved a motion to set aside a judgment only, and such a motion is not subject to the same rules of practice as a motion to set aside a verdict and judgment. The motion to dismiss the bill of exceptions is denied.

2. On a motion to set aside a verdict and judgment the movant must show, among other things, that he has a meritorious case; and where he fails to establish this,·the motion should be denied or dismissed. Under this ruling and the facts of the instant case, the court erred in refusing to dismiss the motion to set aside the verdict and judgment, and the further proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 14, 1926.·

Motion to vacate judgment; from city court of Atlanta—Judge Reid. June 12, 1926.

*Candler, Thomson & Hirsch, W. B. Cody, Thomas J. Long Jr.,* for plaintiff in error.

*Charles G. Reynolds, L. H. Foster,* contra.