30110.   BARBER *v.* SMITH.

DECIDED JULY 5, 1943.

*Symmes & Gibbs, John T. Coyle, Hoyt H. Whelchel,* for plaintiff in error. *W. Glenn Thomas, Joe Thomas,* contra.

GARDNER, J. ■ It appears that at the time the case was called for trial the defendant Barber and his counsel were absent without legal excuse. The trial court passed the orders on the demurrers and the plea during such absence. There are two questions for decision: Did the court err (a) in overruling the demurrer, and (b) in dismissing the plea of no partnership for want of prosecution?

It will be observed that the allegations as to partnership are that the defendants "were joint contractors and copartners in certain contracts for the construction of portions of State Highway Route No. 27 . . and during such relationship became indebted to plaintiff. . . That said defendants are indebted to plaintiff as a result of said copartnership . ." in the sum for which suit was brought. "A direct allegation that the defendant is a member of the partnership is sufficient." *Mims* v. *Brook,* 3 *Ga. App.* 247 (59 S. E. 711). Construing the allegations of the petition as a whole, it would seem that the allegation that the defendants were joint contractors is but a specification as to the manner in which the partnership arose. Especially is this true when we look to the succeeding language of the petition which alleges that the defendants are indebted to the plaintiff "as a result of said copartnership." This direct allegation that the defendants are liable as partners is sufficient. The court was authorized to pass on the demurrers in the absence of the defendant and his counsel. The fact that the judgment overruling the demurrers contained the words "for want of prosecution," is immaterial, since the judgment was right, and no harmful error is shown. There is no merit in the exceptions to the judgment overruling the demurrers, both general and special, for any of the reasons assigned.

■ Did the court commit reversible error in dismissing the plea of no partnership for want of prosecution? "When partners sue or are sued in their firm name, the partnership need not be proved unless denied by the defendants, or one of them, upon oath, on plea in abatement filed." Code, § 75-313. But for the plea of no partnership, there would have been no issue on this allegation of the

petition by reason of the provision of the Code section; but when a valid plea of no partnership was filed an issue was made as to partnership or no partnership, and the burden was on the plaintiff to prove partnership, as alleged. *American Cotton College* v. *Atlanta Newspaper Union,* 138 *Ga.* 147 (3) (74 S. E. 1084) ; *Loftis* v. *Allen Plumbing Co., 52 Ga. App.* 843 (184 S. E. 920). The issue of no partnership having been properly raised by the plea, the court was without authority to dismiss the plea for want of prosecution. When the court erroneously dismissed the plea of no partnership, there was no issue to try as to partnership. It can not be assumed that evidence was introduced to prove an issue that was no longer in the case. This issue had been dissolved by dismissing the plea. The defendant Barber was entitled to have the question of partnership proved by the plaintiff as an issue precedent to proof of the debt. "Where an affidavit was made for the purpose of having an intruder on land evicted therefrom, under the Civil Code, § 4808, and a counter-affidavit was interposed, and the papers returned to the superior court for trial, upon the call of the case it was error to dismiss the counter-affidavit because of nonappearance of the defendant. When the counter-affidavit was dismissed, no case was left in court to be tried; and it was error to allow the plaintiff thereafter to proceed to introduce evidence and to take a verdict and judgment." *Yancey* v. *Karwisch,* 129 *Ga.* 788 (1), (2), 790 (59 S. E. 777). In the opinion in that case the court said: "Dismissal of a case for want of prosecution is applicable to the party whose duty it is to prosecute, not to one who stands on the defensive by denying the plaintiff's alleged right of recovery. There may be cases where a defendant sets up a crossaction, or assumes the position where the duty of moving properly devolves upon him; but this is not one of them." See *Roddenbery* v. *Patterson,* 136 *Ga.* 187 (71 S. E. 138) ; *Cummings* v. *Arnold,* 13 *Ga. App.* 246 (78 S. E. 1102).

The dismissal of Barber's plea was reversible error, and what took place thereafter, was, as to him, nugatory.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*