39465.   GENERAL FINANCE CORPORATION OF
ATLANTA v. KELSEY.

DECIDED MAY 3, 1962—REHEARING DENIED MAY 25, 1962.

*Paul C. Myers,* for plaintiff in error.

*R. P. Herndon,* contra.

FELTON, Chief Judge. ■ The writ of error in this case is not premature for the reason that if either judgment rendered in favor of the garnishee had been rendered as contended by the plaintiff in error there would have been a final determination of the case. *Patterson Produce &c. Co. v. Wilkes,* 1 Ga. App. 430 (57 SE 1047); *Louis K. Liggett Co. v. Foster,* 36 Ga. App. 185 (136 SE 93).

■ The court erred in overruling the general demurrer to the motion to vacate the judgment against the garnishee. As we understand the law, the rule as to opening up default judgments does not apply to a garnishment proceeding. Under the very able and exhaustive ruling in the case of *Owen v. Moseley,* 161 Ga. 62 (129 SE 787) a garnishee is allowed until the plaintiff makes a motion for a judgment against the garnishee, after the case is ripe for such action, to file an answer to the summons of garnishment. It follows that, if no answer is filed before a timely judgment is taken against the garnishee, the judgment is a final judgment and not a default judgment which can be opened up as in case of default. Since it does not seem that such a judgment was subject to the default judgment rule under the old law it would still not be under the default rule under

the new law under the Pleading Act of 1946. But even if we are incorrect in this conclusion and the default judgment rule applies to garnishment proceedings (see *Potts v. Smith Grain Co.*, 99 Ga. App. 270, 108 SE2d 285; *Peacock v. Walker*, 213 Ga. 628, 100 SE2d 575) in this case the judgment was not taken against the garnishee within a 15-day period in which a garnishee might have had a right to open the default as a matter of law, but the judgment in this case was taken several terms after the time at which the garnishee was directed to file his answer. Where a judgment against a garnishee in a proceeding in the Civil Court of Fulton County is rendered in open court upon motion of the plaintiff it may not be vacated, modified or set aside even during the term at which it was rendered, except on the same grounds as it may be done by the judges of the superior courts. Such a judgment may only be set aside in the event there appears some just and satisfactory reason, in the discretion of the judge, why the judgment should be set aside. *Davison-Paxon Co. v. Columbia Building &c. Assn.*, 47 Ga. App. 426 (170 SE 703). Under the rulings in the following cases the motion to set aside the judgment did not show sufficient reason to justify the setting aside of the judgment because the motion shows on its face that the failure of the garnishee to have an answer filed to the summons of garnishment was due to his own negligence. All he alleges is that he delivered the summons of garnishment to the hospital to be delivered to his attorney who was a patient at that time in the hospital. Due diligence would at least have required that the garnishee deliver the summons to his attorney in person and follow through to be sure that the attorney had left the hospital in time to file the answer in time, or to see to it that the attorney obtained other counsel to handle the matter if the garnishee did not undertake to have it handled himself. *Phillips v. Taber*, 83 Ga. 565 (10 SE 270); *Robinson v. Yarbrough*, 44 Ga. App. 648 (162 SE 629); *American Mut. Liability Ins. Co. v. Satterfield*, 88 Ga. App. 395 (76 SE2d 730); *Bearden v. Metropolitan Street R. Co.*, 82 Ga. 605 (9 SE 603); *Peacock v. Walker*, 213 Ga. 628, supra.

The court erred in overruling the general demurrer to the

motion to vacate the judgment against the garnishee. Further proceedings were nugatory.

*Judgment reversed. Bell and Hall, JJ., concur.*