## 39789. ABE GELLMAN & COMPANY, INC. v. JACO PANTS, INC.

CARLISLE, Presiding Judge. Abe Gellman & Company sued Jaco Pants, Inc., on four promissory notes attached as exhibits to the petition. Jaco, by and through its attorney, filed an answer denying indebtedness by reason of the fact that the consideration for which the notes were given had totally failed. Thereafter, when the case came on for trial, there was no appearance for the defendant. The plaintiff introduced evidence in support of its petition, and the jury returned a verdict in the amount sued for, plus interest and costs. Judgment was entered on that verdict on May 8, 1962, and on June 12, 1962, at the same term of court, the defendant presented a motion to vacate and set aside the verdict and judgment on the ground, in substance, that by reason of the original counsel for defendant having been appointed to and having assumed a judicial post, it became necessary for defendant to procure additional counsel, and that by reason of concurrent changes in defendant's corporate office personnel and the consequent unfamiliarity of the new personnel with court procedures, etc., defendant neglected to secure additional counsel and the failure of the defendant to appear was thus due to inadvertence on the part of the defendant. Rule nisi was issued on this motion and served on counsel for the plaintiff. Thereafter on June 25, 1962, the court entered an

order reciting that the motion having come on for a hearing after proper notice to all parties and upon hearing argument of counsel for both parties, it was ordered and adjudged that said verdict and judgment entered on May 8, 1962, be vacated and set aside and that the case be set down for trial as if no verdict and judgment had been rendered in the case. The assignment of error in the bill of exceptions to this court is that this judgment is contrary to law. *Held:*

1. "Until the end of the term at which rendered, judgments are 'in the breast of the court,' and may be set aside or modified at the judge's discretion; but to set aside a final judgment based on a verdict, except for defects appearing on the face of the record, the verdict must also be set aside; and the verdict is not 'within the breast of the court' in the sense that the judgment is. *Ayer v. James,* 120 Ga. 580 [48 SE 154]; *Jordan v. Tarver,* 92 Ga. 379 [17 SE 351]; *Clark's Cove Guano Co. v. Steed,* Id. [92 Ga.] 440 [17 SE 967]; *Regopoulas v. State,* 116 Ga. 596 [42 SE 1014]; *Tietjen v. Merchants' Nat. Bank,* 117 Ga. 502 [43 SE 730]. . . Any motion to set aside a verdict, based on matters not appearing on the face of the record, is in effect a motion for a new trial and is subject to all the rules of law governing such motions. *Lucas v. Lucas,* 30 Ga. 191, 206 [76 AD 642]; *Prescott v. Bennett,* 50 Ga. 272; *Hyfield v. Sims,* 87 Ga. 282 [13 SE 554]; *McCrary v. Gano,* 115 Ga. 296 (41 SE 580)." *Georgia R. &c. Co. v. Hamer,* 1 Ga. App. 673 (1, 2) (58 SE 54). *Carolina Tree Service, Inc. v. Cartledge,* 96 Ga. App. 240, 241 (6) (99 SE2d 705); *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475 (1) (116 SE2d 620); *Stamps Tire Co. v. Powers,* 104 Ga. App. 860, 861 (123 SE2d 203); *Davis v. Howell,* 218 Ga. 169, 171 (1) (126 SE2d 766).

2. The motion in this case was tantamount to a motion for a new trial since it was based on matters not appearing on the face of the record. As such it was filed too late to comply with the law in such cases. *Code Ann.* § 70-301; *Sherman v. Floyd,* 99 Ga. App. 446 (108 SE2d 753). Furthermore, the motion was not based on a meritorious ground, even if procedurally proper (*Brown v. Verekas,* 164 Ga. 733, 139 SE 344; *Blanch v. King,* 202 Ga. 779, 44 SE2d 779), and the order granting it, not being within the discretion of the court, was contrary to law.

3. The final order which was entered on the verdict of the jury recited that "upon motion by the plaintiff the defendant's plea and answer are hereby dismissed." In the bill of exceptions which is certified to by the judge as true and correct, it is recited that counsel for the plaintiff in the trial court did not make any motion in parol or in writing seeking or moving the dismissal of the defendant's plea and answer and that the trial judge did not make or pronounce either orally or in writing filed in the record any ruling or judgment dismissing such plea and answer prior to the signing of the final judgment which was prepared and presented by counsel for the plaintiff after the verdict of the jury. The defendant's plea and answer raised issues of fact upon which the defendant was entitled to have the jury pass (*Barber v. Smith*, 69 Ga. App. 624, 627, 26 SE2d 478), and the entry of such order prior to submitting the case to the jury would have been error. However, in view of the recitation of fact contained in the bill of exceptions and since the judgment complained of here is in substance and in essence a judgment granting a motion for a new trial, thus setting aside the verdict of the jury, the entry of such order after the jury verdict could not have had any harmful effect on the verdict since there is a presumption that the jury heard evidence in proof of all issues made by the pleadings. The entry of such a final judgment, therefore, was not a defect appearing on the face of the record which would authorize the setting aside of the jury verdict.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

DECIDED OCTOBER 23, 1962—
REHEARING DENIED NOVEMBER 9, 1962.

*Mark Dunahoo*, for plaintiff in error.
*T. Penn McWhorter*, contra.