39811. GODBY v. HEIN.

DECIDED MARCH 13, 1963.

*Paul C. Myers, Arthur A. Morrison,* for plaintiff in error.

*Guy R. Dunn,* contra.

EBERHARDT, Judge. ■ A question presented here is whether the discretion of the judge extended beyond the May term during which the motion to vacate the judgment was filed, and if so, whether that discretion ended with the signing of the order overruling the motion during the July term. We conclude that since the motion was not disposed of during the May term the jurisdiction of the court over the matter continued until final disposition was made, and further that since the order of July 5, 1962, was made during the July term of court it might, for sufficient cause, be set aside at any time until the end of that

term. "Until the end of the term at which rendered, judgments are 'in the breast of the court,' and may be set aside or modified at the judge's discretion." *Abe Gellman & Co. v. Jaco Pants, Inc.*, 107 Ga. App. 1 (129 SE2d 199). "The plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments save those which are founded upon verdicts." *Whitlock v. Wilson*, 79 Ga. App. 747 (54 SE2d 474). We are not unmindful of the apparent conflict between *Whitlock* and *Carolina Tree Service, Inc. v. Cartledge*, 96 Ga. App. 240 (7) (99 SE2d 705), but since *Whitlock* was a case decided by the full court (five judges concurring and one dissenting) and is the older decision, we think that *Carolina Tree Service* must yield to it. *Code Ann.* § 24-3501. Moreover, it appears from headnote 8 of *Carolina* that the statement in headnote 7 that "Where the merits of the case are tried and evidence presented to the judge sitting as a jury and a trior of facts, the rules applicable to cases involving jury verdicts should obtain . . ." is obiter.

The July term of court, at which the order overruling the motion to vacate was entered had not expired when the further order (pursuant to notice and hearing) vacating it and sustaining the motion was entered on August 2. Thus the action was within the plenary power and jurisdiction of the court.

■ However, the discretion which the judge is empowered to exercise is a legal one and must be exercised within the standards of *Athens Leather Mfg. Co. v. Myers & Co.*, 98 Ga. 396 (25 SE 503); *Blanch v. King*, 202 Ga. 779 (44 SE2d 779); *Morris v. Morris*, 82 Ga. App. 384 (61 SE2d 156); *American Mut. Liab. Ins. Co. v. Satterfield*, 88 Ga. App. 395 (2), 398 (76 SE2d 730); *Carolina Tree Service, Inc. v. Cartledge*, 96 Ga. App. 240, supra, *General Finance Corp. v. Kelsey*, 106 Ga. App. 108 (2) (126 SE2d 261), and others similar.

In support of his motion to vacate defendant presented affidavit from his counsel that "due to some oversight, inadvertence, or mistake . . . he did not ascertain the date of said trial, that he was ready, now stands ready and fully believes that the defendant has a good and legal defense," and one from his counsel's secretary that "she used ordinary care in checking the

Fulton Daily Report Calendar and that she did not ascertain or see the said case listed in said calender, and that she did not ascertain the trial date of said case and did not notify the defense counsel that said case was on for trial . . . and that due to some mistake, inadvertence, or oversight, she did not ascertain the trial of said case." This showing was not sufficient to authorize a vacating of the judgment. "The law rewards diligence, but is slow to harken to the prayer of the slothful. The vigilant man does not need to make excuses, but where one has sat idly by and overslept his rights and permitted a judgment to be taken against him, which he might have prevented by the exercise of the slightest diligence, the law is not disposed to grant him relief. *Heitmann v. Commercial Bank,* 6 Ga. App. 584 (10) (65 SE 590)." _Florida Central R. Co. v. Luke,_ 11 Ga. App. 290, 294 (75 SE 270).

There is no room for the exercise of any legal discretion in setting aside a judgment merely because counsel has, due to some oversight, inadvertence or mistake, failed to appear on behalf of his client, nor can it be aided by a showing that his secretary failed to ascertain, from an examination of the published calendar, that it was scheduled for trial and notify him. "It is likewise a well-established rule that counsel and the parties to a cause must keep themselves informed as to the progress of their case and no excuse will avail them if they permit a right to lapse or a judgment to go by default through their simple negligent failure to apprise themselves of the court's actions in connection with their cases. . ." *American Mut. Liab. Ins. Co. v. Satterfield,* 88 Ga. App. 395, 398, supra.

Thus it follows that there was an abuse of discretion here in the vacating of the judgment.

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*