to have the judgment stand as a whole, and that is the supposed right for which he contended below and now contends here.

---

D_E *vs.* GARRETT & ·LATIMER.

An unconditional contract, on which the court may render a judgment without a jury, is one which does not contain a condition. It must be such a contract as that the court, by looking at the paper its^lf, may determine that judgment should be rendered for the plaintiff in the case. Where suit was brought on three promissory notes, one of which appeared on its face to be due, and the others appeared not to be due, and where the declaration alleged that they were all due by virtue of the covenants in a certain bond for titles set out and annexed thereto, to the effect that if the first note was not paid at maturity, the others also should become due; construing the bonds and notes together as one entire contract in writing, it was not an unconditional contract on which the court could render a judgment for the full amount of the notes without a jury.

(a) So far as concerns the last two notes, the judgment might have been, and may yet be, amended by the plaintiffs, if they think proper to do so, leaving the judgment to stand as to the first note; but if the plaintiffs insist on their entire judgment, the whole must be arrested and set aside. If the judgment is arrested and set aside, the question of the non-payment of the first note and the consequent maturing of the others may be submitted to the jury, and a verdict and judgment thereon had.

March 24, 1887.

Promissory Notes. Contracts. Practice in Superior Court. Judgments. Constitutional Law. Before Judge RONEY. Richmond Superior Court. October Term, 1886.

Reported in the decision.

CLAIBORNE SNEAD ; WILLIAM GIBSON ; FRANK H. MILLER, for plaintiff in error.

FOSTER & LAMAR, for defendants.

BLANDFORD, Justice.

Garrett & Latimer brought their action against Dye upon three promissory notes. This action was filed and commenced in January, 1886. These three notes bore equal date; the first was due on the 1st of January, 1886; the second, the 1st of January, 1887; and the third, the 1st of January, 1888. The declaration, besides giving copies of the notes, alleged that they were all due by virtue of the covenants in a certain bond for titles set out and annexed to the declaration, to the effect that if the first note was not paid at maturity, then the other two notes should become due. Upon the trial of the case, the court, without a jury, rendered a judgment, without the consent of the defendant, and as the record shows, against his consent, in favor of the plaintiffs upon all the notes. The defendant thereupon moved, during the term of the court, to arrest the judgment, upon the ground that the court had no power, under the facts alleged in the declaration and shown upon the face of the pleadings, to render judgment in that case without the intervention of a jury. The court overruled the motion; and this is excepted to and assigned as error.

It is very manifest to us, on looking at the bond for titles and the covenant in the same and the notes sued on, and construing the same as one entire contract in writing, that it is not an unconditional contract in writing. It is conditional. The notes falling due on the 1st of January, 1887, and the 1st of January, 1888, are to become due in the event and upon the condition that the first note is not paid; and there is a fact to be tried which does not appear upon the face of the papers, and that fact is, whether or not the first note has been paid. This is a fact the judge could not try. Construing these papers together, it was a condition that the last two notes should fall due upon the first not being paid, and the fact whether that first note was paid or not, was entirely outside of the writing. So we think this is not an unconditional contract

in writing; and the judge could not render a judgment upon these notes without the verdict of a jury, unless by consent of the defendant, and no such consent appears in this record.

An unconditional contract is a contract that has no condition in it. It is manifest, from the constitution of the State, that it is such a contract as that the court, by looking at the paper itself, may determine that judgment should be rendered for the plaintiff in the case. This contract is not such a contract as that; the court necessarily would have to look outside of the paper to determine whether the plaintiff has a right to recover on these last two notes, and he would have to determine whether that first note was paid or not; and that question he could not determine under this writing, taking the bond and notes together. So we think the court erred in not arresting this judgment.

The judgment, so far as concerns the last two notes, might have been amended by the plaintiffs, and may yet be amended if they think proper to do so, and the judgment be allowed to stand as to the first note. But if the plaintiffs insist on their entire judgment, the whole must be arrested and set aside. If arrested and set aside, they may call for a jury on another trial of the case, and make out their case, and show that the first note was not paid, and that thereby the last two notes became due; they would then be entitled to a verdict and a judgment on that verdict. But the court would have no authority to render such a judgment without a jury. *Sanner vs. Sayne*, ante p. 467.

Judgment reversed.