## BELL *v.* STEWART.

Where the errors complained of in a bill of exceptions are, that the trial judge erred in overruling a demurrer to a motion to set aside a judgment previously rendered in denying a motion to open a default, and in setting aside such judgment and opening such default; and the bill of exceptions fails to show that the case was ever tried in the trial court after the default was opened, or that any final judgment has ever been rendered in the case, such bill of exceptions is premature, and the Supreme Court is without jurisdiction to entertain it.

Argued November 18,—Decided December 11, 1902.

Motion to open default. Before W. P. Cole, judge pro hac vice. City court of Carrollton. July 23, 1902.

*Brown & Roop,* for plaintiff.
*S. Holderness* and *Oscar Reese,* for defendant.

LITTLE, J. An examination of the bill of exceptions leads us to the conclusion that the writ of error to this court was prematurely sued out. Emeline Bell brought an action against Stewart, in the city court of Carrollton, alleging a trespass upon her property. The action was returnable to the March term, 1902, of the court, and on the call of the appearance docket of that term was marked in default. At the June term the defendant made a motion to open the default, on certain grounds, which motion was, on June 14, denied by Judge Hodnett, the judge presiding. Subsequently the case was called for trial on July 22d, and the judge, on the consent of both parties, passed an order in which, because of his disqualification in the case, he appointed W. P. Cole, Esquire, as judge pro hac vice to preside. The parties being ready, a jury was stricken to try the case. At this stage of the proceedings the defendant filed a motion, on certain grounds, to set aside the judgment rendered by Judge Hodnett on June 14, in which he had refused to open the default. This motion was demurred to, and the judge pro hac vice presiding in the case overruled the demurrer,

and proceeded to hear the motion to set aside the judgment. He declined to hear any evidence as to whether Judge Hodnett was disqualified to try the case at the time he rendered said judgment, and held that the consent order appointing him judge pro hac vice was conclusive of the fact that Judge Hodnett was disqualified at the time he rendered such judgment, unless plaintiff could show that he had become disqualified since that time, which plaintiff's counsel stated that he could not do. Plaintiff then offered to prove that Judge Hodnett was not disqualified at the time he rendered the judgment. This evidence the court refused to hear. These rulings are assigned as error. After hearing evidence upon this motion, which is set out in the record, the judge pro hac vice passed an order setting aside the judgment of Judge Hodnett denying defendant's motion to open the default. This ruling is also assigned as error, as being contrary to law and the evidence. After setting aside this judgment in which Judge Hodnett had denied the motion to open the default, the judge pro hac vice proceeded to hear evidence on defendant's motion presented to him to open the default, upon which motion plaintiff had joined issue by her answer filed thereto. Upon this motion evidence was adduced, which is set out in the record; and at the conclusion of the evidence and the argument of counsel, the judge pro hac vice rendered a judgment opening said default, to which judgment plaintiff excepted, as being contrary to law and the evidence. These are the only errors alleged in the bill of exceptions.

The record does not show that any trial was ever had after the default was opened, or that any final judgment was ever rendered in the case; but on the other hand a careful examination of the same leads us to the conclusion that no such final judgment had been rendered at the time the bill of exceptions was sued out, and, from all that appears in either the bill of exceptions or the record, the case is still pending for trial in said court. All the errors alleged are interlocutory rulings. It is urged and insisted by counsel for defendant in error in his brief filed in this court that the judgments complained of are merely interlocutory, and therefore that the bill of exceptions is premature, and the same should be dismissed for the reason that this court has no jurisdiction to pass on the same. We think this contention is sound. The Civil Code, § 5526, provides that "No case shall be carried to the Supreme Court upon any bill

of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case, or final as to some material party thereto." No decision complained of in this bill of exceptions, if the judgment had been rendered as claimed by the plaintiff in error, was a final disposition of the case as to any material party thereto. Neither the judgment overruling the demurrer to the motion to set aside the judgment of Judge Hodnett denying defendant's motion to open the default, nor the judgment setting aside such judgment of Judge Hodnett, nor the judgment of the judge pro hac vice opening the default, was a final judgment as to either party. After the default was opened, the case was still pending in the court below for trial. Even had the judgment rendered been against plaintiff's motion to open the default, the case would still have been pending. We must therefore rule that the bill of exceptions was prematurely sued out, so far as appears from the record in this case ; and as this court is without jurisdiction to entertain the same, the writ of error is

*Dismissed. All the Justices concurring, except Lumpkin, P. J., absent.*