## 145. PATTERSON PRODUCE & PROVISION CO. *v.* WILKES.

1. If the decision and judgment of the court below had been in accordance with the contention of the plaintiff in error (plaintiff in the court below), such ruling would have been a final disposition of the cause in that court; hence the writ of error is not prematurely brought, and the motion to dismiss the bill of exceptions is refused. Civil Code, § 5526.

2. There was no error, on the statement of facts disclosed in the record, in setting aside the judgment against the garnishee. It is a well-recognized rule that a court of record has full power, in the exercise of a sound discretion, to revise or vacate its judgments during the term at which they are made. This discretion will not be controlled by courts of review, except where it plainly appears to have been abused. In this case the judgment was properly set aside after the demurrers had been rightly overruled.

3. There was no error in allowing the garnishee to file a second answer.

Motion to vacate judgment, from city court of Moultrie—Judge Humphreys. January 26, 1906.

Submitted February 26,—Decided March 11, 1907.

*Hall & Elkins, McKenzie & Bolding,* for plaintiff.

*Mattox & Johnson,* for defendant.

RUSSELL, J. Patterson Produce and Provision Company had summons of garnishment served upon J. D. Wilkes. On the first day of the court Wilkes answered the garnishment and admitted that he was indebted to the defendant (one Hires) on a note, in the sum of about $77. The next day judgment was entered against the garnishee for $70. At the same term of court and before adjournment thereof, the garnishee made a motion to set aside the judgment, as follows (after stating the case) : "To the City Court

of Moultrie, said county. J. D. Wilkes, garnishee as above stated, brings this petition against the plaintiff, the Patterson Produce and Provision Co., and alleges: 1st. That in answer to a summons of garnishment, served on him at the instance of the Patterson Produce and Provision Co., your petitioner appeared at the beginning of this term of the court (which is the first term after said service of said summons of garnishment upon him), and answered that he was indebted to the defendant, J. J. Hires, in the sum of about $77, your petitioner having given his promissory note last spring to said defendant for about that amount, as he then remembered; and your petitioner was, at the time of making said answer, under the impression, and believed, that the said defendant, J. J. Hires, still owned and held said note; and had no knowledge, thought, or information to the contrary. 2d. That at this term of the court (November term, 1904), immediately upon the filing of said answer, said Patterson Produce and Provision Co., as plaintiff in the above-stated suit, took judgment against your petitioner for the amount of $77. 3d. Petitioner now finds that at the time of filing his said answer to the said summons of garnishment, the defendant, J. J. Hires, did not hold the said note, but that the said note is in the hands of one W. H. Hatchett, who claims to have traded for the note last spring, just after it was given to the said defendant and long before its maturity, and long before the said summons of garnishment was served on your petitioner. 4th. Your petitioner shows that should he pay the said judgment to the said Patterson Produce and Provision Co., the said W. H. Hatchett could collect said note out of him also. 5th. Petitioner gave the said note to defendant, but does not know who the legal holder of the note is, nor to whom he owes it, but from the information that has come to your petitioner he believes that the said Hatchett is the just and legal holder of the note, and that petitioner owes the same to him. 6th. Petitioner desires now to answer to the said summons of garnishment that he gave said note, but does not know to whom he owes it, and asks the direction of the court. Wherefore petitioner prays that said judgment be declared null and void, canceled, and set aside, and petitioner allowed to file his answer to the said summons of garnishment as above mentioned; and that a rule nisi issue requiring said Patterson Produce and Provision Co., or their attorney at law, to show cause before this honorable court

why said judgment should not be set aside and canceled, and petitioner be allowed to make his answer as garnishee, as prayed."

The judge set the hearing of the motion and issued a rule nisi, calling upon the plaintiffs to show cause why the judgment should not be set aside. At the hearing the plaintiff demurred to the motion filed by the garnishee, to set aside the judgment, (1) because the movant failed to set forth any right to set aside and vacate said judgment, (2) because the motion does not set forth any facts which the movant was not aware of when he filed his answer or "could have ascertained" by reasonable care and diligence, (3) because movant has had his day in court, and for this reason is estopped. On the hearing of the demurrer it was overruled, the judgment was set aside, and the garnishee was permitted to file an answer in accordance with his petition.

The defendant in error has filed in this court a motion to dismiss the writ of error, on the ground that the bill of exceptions was prematurely sued out, because the granting of the motion to set aside the judgment, and allowing the garnishee to file his second answer, is not a final disposition of the case, but leaves the garnishment still pending in the court below. It is true that the judgment still leaves the case pending in the court below, and but for the demurrer and the judgment of the court thereon the writ of error would have been premature, and without doubt should be dismissed. The cause is still pending in the court below, because of the fact that the plaintiff's demurrer was overruled; but if it had been sustained, there would be no cause pending in the trial court. "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." Civil Code, § 5526. It will be noticed that this case clearly falls within the exception to the general rule provided for by the words *"unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause."* If the court had sustained the plaintiff's demurrer to the garnishee's motion to set aside the judgment, as the plaintiff claimed ought to have been done, the case would have been finally disposed of in the court below. It is manifest, there-

fore, that, by the terms of this section, the bill of exceptions is not subject to the motion to dismiss; and it is not necessary for us to discuss the effect of the act of 1898 (Acts 1898, p. 92), and the decisions with reference thereto. The motion to dismiss is overruled, because the judgment would have been final, so far as the lower court is concerned, if the contentions of the plaintiff in that court (now plaintiff in error) had been sustained.

There are but two questions to be considered, in the bill of exceptions: (1) did the court err in overruling the demurrer filed to the motion to set aside the judgment? And (2) did the court err in passing an order setting aside the judgment against the garnishee and allowing the garnishee to file a second answer? The two questions are so closely related to each other, and the second so completely depends on the judgment on the first, that we will treat both together. In fact the demurrer is so drawn and its objections are so "reaching" that the same reasons which would constrain the judge to overrule the demurrer (the allegations of the petition for the purposes of the demurrer being admitted to be true) would necessarily oblige the court thereafter, if the petition was sustained by proof, to grant the motion and set aside the judgment. · We think the court properly overruled the demurrer. And as there is no complaint urged, in the bill of exceptions, that the allegations of fact in the petition were neither admitted nor proved, it is to be presumed that they were properly sustained by proof. This being the case, we can not say that the judge erred in setting aside the judgment and in allowing the garnishee to make answer to the summons in accordance with the truth. It appears, from the record, that the garnishee made answer at the beginning of the term; that the next day judgment was entered against him in accordance with his answer; and that during the same term (having discovered that the note which he had given had been transferred, before maturity, to a bona fida purchaser for value), he moved the court to set aside the judgment entered against him. 'He had answered promptly the first term after the summons of garnishment was served upon him. He had answered frankly, and so as to subject himself to a judgment in favor of the plaintiff. His answer was accepted as the truth, and judgment was entered immediately in accordance therewith. Before the court adjourned he learned, for the first time, that his note had changed hands and that he would be liable

to pay the amount to the holder, as well as be bound to satisfy the judgment rendered against him. He moved the court to set aside the judgment, which he had a right to do at any time within three years. Civil Code, §3764, §5363. There might be some doubt about affirming the judgment if the motion to set it aside had been at a subsequent term, but there can be no doubt that up to the adjournment of court for the term, the judge had plenary discretion in the premises. We not only are not prepared to say that that discretion was abused, but, on the contrary, we think it was most properly and justly exercised in setting aside the judgment. With the judgment set aside, the garnishee could properly make an answer which would set forth, not only the fact that he owed the defendant the note, but the further fact that that note had passed into other hands, and thereupon ask the direction of the court in the premises. "It is a well-recognized rule that courts of record maintain full control over orders and judgments during the term at which they are made, and, in the exercise of a sound discretion, may revise or vacate the same, and such discretion will not be controlled by courts of review, unless manifestly abused." *Van Dyke* v. *Van Dyke,* 120 *Ga.* 986. And the discretion to be exercised is defined by Bouvier as "that part of the judicial function which decides questions, arising in the trial of a cause, according to the particular circumstances of each case, and as to which the judgment of the court is not controlled by fixed rules of law."

The decision in *Averback* v. *Spivey,* 122 *Ga.* 18, construing the act creating the city court of Moultrie, in so far as the same applies to garnishments, is controlling, so far as the right of the garnishee to file his second answer is concerned.            *Judgment affirmed.*