19076.   MAYNARD *v.* LUTON.

JENKINS, P. J.   Where in the municipal court of Atlanta a judgment is rendered by default, and where during the same term, but after the expiration of five days from the rendition of the judgment, the defendant, without notice to the plaintiff, obtains an order setting aside the judgment by default, and subsequently the plaintiff moves to vacate the order setting aside the judgment by default, and, on denial of his motion, carries the case, by certiorari, to the superior court, and where the judge of the superior court by his order sustains the certiorari and sets aside the last judgment, which denied the plaintiff's motion to set aside the judgment setting aside the original default judgment, and by the order of the superior court the case is remanded for a hearing upon the defendant's original motion to set aside the default judgment, and where the plaintiff excepts to the judgment of the superior court, upon the ground that the court erred in not rendering a final judgment on the original motion to set aside the default judgment, and where there is no cross-bill of exceptions complaining of the action of the judge in sustaining the certiorari, the only question before this court is whether the judge of the superior court passed upon the case as presented to him, or whether he was required, in passing upon the law involved in that proceeding, to go behind it and enter judgment in the other proceeding out of which it grew.

While in  such a case the principles of law governing the superior-court judge in his ruling on the proceeding actually before him might be identical with those involved in the original motion to set aside the default judgment, the two proceedings being separate and independent,

and no exception having been taken to the ruling made in the original motion to set aside the default judgment, such as would give the judge of the superior court authority to enter final judgment in that proceeding, the question before the superior court was whether or not the municipal court erred in refusing to set aside the judgment setting aside the original default judgment, and the procedure adopted by the judge was proper and appropriate. No exception being taken by either party as to the correctness of his ruling on the question actually presented, his ruling therein is affirmed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 6, 1929.

*Charles G. Bruce,* for plaintiff.
*George & John L. Westmoreland, H. R. Lee,* for defendant.