**21276.   Columbus Heating & Ventilating Co. v. Upchurch.**

Stephens, J.   1.. The character, as respects finality, of the judgment excepted to in a petition for certiorari brought in the superior court is not determinative of the jurisdiction of the Court of Appeals to review the judgment of the superior court upon the petition for certiorari; but the character only of the judgment rendered by the superior court upon the petition for certiorari is to be considered in determining the jurisdiction of the Court of Appeals, in so far as this jurisdiction is dependent upon the rendition of a final judgment.   Whether the judgment excepted to in the petition for certiorari was a final judgment or not, a judgment of the superior court dismissing the petition for certiorari, upon the ground that the judgment excepted to in the petition is not a final judgment, is itself nevertheless a final judgment, and, being such, is on a direct bill of exceptions, reviewable by the Court of Appeals.   The motion to dismiss the writ of error is therefore denied.

2. A judgment by the appellate division of the municipal court of Atlanta, reversing a judgment of one of the judges of that court which overrules a motion to set aside a final judgment rendered for the plaintiff in a suit pending in one of the trial divisions of that court, is not an interlocutory judgment, but is equivalent to a judgment granting a new trial. It is a final judgment, and is reviewable on certiorari in the superior court.   The cases of *Bell* v. *Stewart*, 116 *Ga.* 714 (43 S. E. 70), *Williams* v. *Chambers*, 31 *Ga. App.* 807 (122 S. E. 97), and *Clay* v. *Dinkler*, 34 *Ga. App.* 119 (128 S. E. 219), are clearly distinguishable, in that the judgments there excepted to were upon motions to open a default, and not upon motions to set aside a final judgment.   The judge of the superior court erred in sustaining a motion by the defendant in certiorari to dismiss the petition for certiorari upon the ground that the judgment of the appellate division of the municipal court, which was excepted to, was not a final judgment.

3. As counsel for both parties confine their arguments solely to the questions as to the correctness of the judgment dismissing the certiorari upon the ground that the judgment excepted to was not a final judgment, the question as to the correctness of the judgment of dismissal upon any other ground is not inquired into.

*Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

Decided February 23, 1932.   Rehearing denied March 5, 1932.

*Charles G. Bruce,* for plaintiff.
*Dillon, Calhoun & Dillon, Ralph R. Quillian,* for defendant.