RYLES *et al. v.* MOORE.

No. 13577.   MARCH 14, 1941.

*T. T. Purdom* and *A. S. Boone Jr.,* for plaintiffs.

*Frank O. Evans, Carlton Mobley,* and *James M. Watts Jr.,* for defendant.

REID, Chief Justice.   When this case was called for trial the defendant moved the court to strike an entry of default made therein, for the reason that at the time of the entry one of the plaintiffs was dead, and her administrator had not been substituted as a party.   On this motion the court passed the following order: "Upon motion to strike the default judgment in the within case, the defendant's counsel setting forth that Luzenia Ryles had died on Dec. 4, 1939, said statement of death being agreed to by plaintiff's counsel, and the default order having been made on August 8, 1940, it is considered, ordered, and decreed that said default was void and of no effect, and the defendant allowed to file her pleadings.   The defendant's right to make a showing in accordance with § 110-404 has not been presented to the court, and this order does not prejudice defendant's right to make said showing." The record does not disclose that any further action was thereafter taken in the case; and it is to the above order that exceptions are taken in the present writ of error.

It is self-evident that this judgment is not a final judgment under the Code, § 6-701, and that the motion of the defendant to dismiss the writ of error on that ground must prevail.   It is true that the judgment adjudicated that the entry of default theretofore made in the case was void, and as to that it was complete and final; but this is not the test, for all orders and judgments, unless conditional, finally dispose of the matters passed on.   Generally speaking, a judgment such as will support a bill of exceptions to this court is one that finally disposes of the "cause" or would have done so "if it had been rendered as claimed by the plaintiff in error."   Code, § 6-701.   An entry of default is a judgment in the case only in the sense that it adjudges the case in default (*Love*

v. *National Liberty Insurance Co.*, 157 *Ga.* 259, 262, 121 S. E. 648), and as such is only an intermediate step which will authorize the plaintiff at the trial term to enter a verdict and judgment in accordance with the prayers of his petition without the necessity of proof, unless the action be one for unliquidated damages or on an unconditional contract in writing (Code, § 110-403), provided of course that the default is not opened and the defendant allowed to plead under § 110-404. Accordingly a judgment dealing with an entry of default whether it strikes it as being void, as in the present case, or opens it under the Code, § 110-404, or refuses to do so, leaves the case pending for further and final action. In *Bell* v. *Stewart*, 116 *Ga.* 714 (43 S. E. 70), this court had occasion to rule, among other things, that a judgment opening a default does not constitute a final judgment. See *Farmers & Merchants Bank* v. *Pirkle*, 9 *Ga. App.* 583 (71 S. E. 946); *Starke* v. *Hunt*, 29 *Ga. App.* 397 (115 S. E. 505); *Williams* v. *Chambers*, 31 *Ga. App.* 807 (122 S. E. 97); *Clay* v. *Dinkler*, 34 *Ga. App.* 119 (128 S. E. 219); *Tate* v. *Goode*, 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (N. S.) 310). Counsel for the plaintiff contends that there is a difference between the cases cited and the present case, in that the former involved judgments opening or refusing to open a default under the Code, § 110-404, whereas the judgment in the present case was one declaring an entry of default void. There is perhaps this difference, but it does not illustrate that the judgment in the present case is a final one. A judgment declaring an entry of default void is no more final than a judgment opening a default under the Code, § 110-404.

In *Stubbs* v. *Mendel*, 148 *Ga.* 802 (98 S. E. 476), cited by counsel for plaintiff it appears that the case was tried and a final judgment rendered in favor of the defendant. The plaintiff excepted to the judgment opening the default, and to the judgment overruling his motion for new trial. *Maynard* v. *Luton*, 39 *Ga. App.* 242 (146 S. E. 640), also cited, involved a judgment of the superior court sustaining a writ of certiorari issued to the city court of Atlanta. This judgment finally disposed of the certiorari in the superior court, and was therefore a final judgment under the Code, § 6-701, although the judgment excepted to in the certiorari, which was one refusing to vacate a judgment opening a default, did not finally dispose of the case in the city court. See *Columbus Heating & Ventilating Co.* v. *Upchurch*, 45 *Ga. App.* 16 (163 S. E. 301).

Our judgment is that the present writ of error must be dismissed for lack of a final judgment. Direction is given that the copy of the bill of exceptions, of file in the trial court, be treated as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur.*