CHAPMAN, administratrix, *v.* COMMERCIAL NATIONAL BANK
OF CEDARTOWN *et al.*

DUCKWORTH, Chief Justice. 1. No decision or judgment in a case which is pending in the court below is deemed to be a final judgment unless it is, or would have been if rendered as claimed, a final disposition of the cause or final as to some material party thereto. Code (Ann. Supp.), § 6-701 (Ga. L. 1890-1, p. 82; 1946, pp. 726, 730); *Mechanics' & Traders' Bank of Rome* v. *Harrison,* 68 *Ga.* 463; *Irby* v. *Irby,* 167 *Ga.* 708, 710 (146 S. E. 489); *Ryals* v. *Atlantic Life Ins. Co.,* 181 *Ga.* 843 (184 S. E. 698).

2. The decision complained of here, if it had been rendered as claimed by the plaintiff in error, would have been a final judgment terminating the case, and the bill of exceptions can not be dismissed as being premature, as in *Ryals* v. *Atlantic Life Ins. Co.,* supra, and *Ryles* v. *Moore,* 191 *Ga.* 661 (13 S. E. 2d, 672).

3. No answer having been filed by the defendant bank within the statutory time, and the time for filing not having been extended or the default opened as a matter of right within 15 days thereafter—the suit not being for unliquidated damages—the case was automatically in default, under Code (Ann. Supp.) § 110-401 (Ga. L. 1799, Cobb 486; 1895, p. 45; 1946, pp. 761, 777), and the court erred in overruling the oral motion of the petitioner to enter judgment in her favor when the case was duly called for trial, thereby rendering nugatory all further proceedings in the case.

*Judgment reversed. All the Justices concur.*

No. 17659. ARGUED NOVEMBER 13, 1951—DECIDED JANUARY 16, 1952.

*Maddox & Maddox,* for plaintiff.
*Stewart & York* and *Henry A. Stewart,* for defendants.