### 35786. HAMBY *v.* HAMBY.

CARLISLE, J. 1. A promissory note payable in 36 monthly instalments, maturing at a date subsequent to the institution of an action upon it, and containing a stipulation to the effect that if any instalment be in default the payee or holder of the note may, at his option, treat the entire amount as due and payable, is not an unconditional contract. *Jones* v. *North American Life Ins. Co.,* 46 *Ga. App.* 647 (168 S. E. 923); *Dye* v. *Garrett,* 78 *Ga.* 471 (3 S. E. 692); *Rodgers* v. *Caldwell,* 112 *Ga.* 635 (37 S. E. 865); *Howard* v. *Welham,* 114 *Ga.* 934 (41 S. E. 62).

2. Where, in an action on such a promissory note as indicated above, one of the defendant makers of the note in his answer denies that the plaintiff is the present owner and holder of the note, denies that the note is past due and unpaid, denies that payment has been demanded and refused, and pleads an accord and satisfaction of the note, such plea and answer is not required by law to be under oath, as they do not constitute a denial of the note sued upon within the meaning of Code §§ 20-801 and 81-405.

3. Where, in such case as indicated above, the defendant by amendment struck his denial that the plaintiff was the present owner and holder of the note, that the note was past due and payable, that demand for payment had been made and refused, and admitted these facts, verifying that the amendment had not been made for purposes of delay, it was erroneous for the trial court upon motion of the plaintiff to disallow the amendment and to strike the defendant's plea and answer. The defendant's answer still contained the issuable defense of accord and satisfaction which was not required to be under oath. Code §§ 81-305 and 81-310.

4. Where upon the trial of such a case counsel for the defendant admitted a prima facie case, it was erroneous for the trial court, without permitting the introduction of any evidence, to direct a verdict for the plaintiff. The defendant was entitled to produce evidence in support of his plea and to go to the jury upon that issue. *Johnson* v. *Wilson,* 47 *Ga. App.* 621 (5), 624 (171 S. E. 235).

5. Consequent upon the rulings made in the foregoing divisions of this opinion, the judgments of the trial court must be reversed and a new trial granted.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 20, 1955.

*Howell C. Ravan,* for plaintiff in error.

*Vernon W. Duncan, S. S. Edwards, Jr.,* contra.

M. C. Hamby brought an action on a promissory note against A. B. Hamby and R. T. Hamby on July 15, 1954. The material allegations of the petition are substantially as follows. (2) The defendants are indebted to the plaintiff in the sum of $1,672.63 plus interest at the rate of 8 percent from May 6, 1954, upon a promissory note dated November 14, 1953, payable to the order of the First National Bank of Marietta, Georgia, and signed by M. C. Hamby, A. B. Hamby, and R. T. Hamby. The note was sold, assigned, and transferred to the plaintiff on May 6, 1954. The note, which is attached to and made a part of the petition, is for the face amount of $5,445.72, payable in 36 consecutive monthly payments of $151.27 each on the fifteenth day of each month beginning December 15, 1953. Provision is made in the note that "if the undersigned shall fail to meet at maturity any liability to the payee or holder hereof, then and in either of these events the payee or holder of this note shall have the option to treat the note as due and payable, and, without any demand or notice to the undersigned, may exercise all rights given hereunder or by law upon a default." On the back of the note appear credits as follows: December 17, 1953, $151.27; January 15, 1954, $151.27; April 13, 1954, $302.54; May 6, 1954, $2,526.01; "rebate of inst.," $652.00, leaving a balance of $1,672.63. The following assignment, executed by the president of the First National Bank of Marietta, Georgia, also appears on the back of the note: "For value received we hereby sell, assign and transfer the within note, without recourse, to M. C. Hamby, this May 6, 1954." (3) The plaintiff shows that he is the present owner and holder of said note. (4) The plaintiff shows that the note is past due and unpaid and the plaintiff has made demand upon the defendants for said sum and the defendants have refused to pay the said sum or any part thereof.

R. T. Hamby filed no answer or other defense to the suit.

In an unverified answer the defendant, A. B. Hamby, denied paragraphs 2, 3, and 4 of the petition and alleged: On November 15, 1953, the defendant, A. B. Hamby, entered into a partnership

venture with R. T. Hamby and they did borrow the sum of $4,500 from the First National Bank of Marietta, Georgia, executing a promissory note and the plaintiff, M. C. Hamby, also was a party to the note. On April 15, 1954, the defendant, A. B. Hamby, received an offer from the plaintiff, M. C. Hamby, stating that the plaintiff would purchase the defendant's, A. B. Hamby's, one-half undivided interest in the partnership, the consideration being that the plaintiff would relieve the defendant, A. B. Hamby, of all liability in the partnership and would assume the liability of the defendant, A. B. Hamby, on the note. This offer was accepted by A. B. Hamby on April 15, 1954.

By amendment, which was allowed subject to demurrer, the defendant, A. B. Hamby, struck from his answer his denial of paragraphs 3 and 4 of the petition and made the following admissions. He admitted the allegation of paragraph 3 that the plaintiff was the present owner and holder of the note, and admitted paragraph 4 as to the note's being past due and unpaid at the time First National Bank of Marietta, Georgia, assigned and transferred it to M. C. Hamby, admitted that demand had been made upon him by M. C. Hamby and that he had refused to pay the sum due or any part thereof and further admitted that he and R. T. Hamby had executed the note. This amendment was verified by the defendant, A. B. Hamby, in the following language: "Personally before the undersigned authority comes affiant, who, being duly sworn, says on oath that at the time of filing the original plea and answer, he did not omit the new facts or defense set out in the amended plea and answer for the purpose of delay, and that the amendment is not now offered for delay; and that the allegations thereof are true."

It is recited in the bill of exceptions, certified by the trial court, that on the day on which the amendment was allowed to the defendant's answer and after the jury had been impaneled and sworn and issue joined, counsel for the defendant, A. B. Hamby, before the introduction of any evidence, stated in open court that the defendant, A. B. Hamby, would, in accordance with his plea, answer, and amendment, admit the execution of the note, the plaintiff's ownership of the note, the demand for payment, and nonpayment, and that this admission of a prima facie case was made for the purpose of obtaining the opening and concluding argument.

Upon the oral motion of counsel for the plaintiff, the defendant's amendment to his answer was disallowed, and upon oral motion of counsel for the plaintiff the defendant's answer was stricken. The trial court thereupon directed a verdict for the unpaid balance of the note. The defendant assigns error upon each of those rulings.