### 42145. HARTSFIELD COMPANY NO. 3, INC. v. WILLIAMS.

PANNELL, Judge. 1. Because there is a conflict in the decisions of this court as to whether the order appealed from will support an appeal it becomes necessary to dispose first of this question. The appeal is from the following order of the trial court: "The plaintiff in the captioned case having moved the court to strike the defendant's defensive pleading as not setting forth an issuable defense to an unconditional contract in writing, after plaintiff had waived recovery of attorney's fees, and enter up default judgment against defendant is hereby overruled." The notice of appeal expressly appeals from the portion of the order refusing to enter the default judgment as well as that portion refusing to strike the defensive pleadings. While it is true that the refusal to strike defensive pleadings is not such act of the trial judge as would support an appeal, this for the reason that the motion, if sustained, would not have been a final disposition of the case (*Manion v. Knight*, 107 Ga. App. 270 (129 SE2d 582); *Shaw v. Miller*, 214 Ga. 225 (104 SE2d 128)), yet the refusal to strike the defensive pleadings "*and enter up a default judgment against the defendant*" would have been final if the motion had been granted. As was

stated in *Head v. Marietta Guano Co.,* 124 Ga. 983 (2) (53 SE 676) "[d]irect exception may be taken to the refusal of a judgment which, had it been granted, would have been final and have terminated the case in favor of the movant." See also *Patterson Produce &c. Co. v. Wilkes,* 1 Ga. App. 430 (1) (57 SE 1047); *Ocean Steamship Co. v. McDuffie,* 6 Ga. App. 671 (1) (65 SE 703); *Chapman v. Commercial Nat. Bank of Cedartown,* 208 Ga. 593 (1, 2, 3) (68 SE2d 603). As to the motion here, "if it had been sustained, this would have been a final determination of the case." *Louis K. Liggett Co. v. Foster,* 36 Ga. App. 185, 186 (136 SE 93). This case clearly falls within the provisions of Sec. 1 (a), Par. 2 of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701) which, as was done by previous law, provided for appeals "Where the decision or judgment complained of, if it had been rendered as claimed for by the appellant, would have been a final disposition of the cause or final as to some material party thereto. . ." Had the trial court granted the motion, a final judgment would have been rendered in favor of the plaintiff. The court refused to do so and this refusal was such a judgment as will support the appeal under the plain language of the statute. This court in *Southern Guaranty Ins. Co. v. Beasley,* 106 Ga. App. 64 (126 SE2d 260) held a writ of error in a similar case was premature as not being from a final order or from one which would have been final if granted as claimed by the plaintiff in error. We are of the opinion that the court was in error in that case and hereby overrule the same.

2. A promissory note payable in 18 monthly installments, maturing at a date subsequent to the institution of an action upon it, and containing a stipulation providing for acceleration of maturity, at the holder's option, upon certain conditions, is not an unconditional contract (*Hamby v. Hamby,* 92 Ga. App. 824 (1) (90 SE2d 50); *Jones v. North American Life Ins. Co.,* 46 Ga. App. 647 (168 SE 923); *Dye v. Garrett,* 78 Ga. 471 (3 SE 692); *Rodgers v. Caldwell,* 112 Ga. 635 (37 SE 865); *Howard v. Wellham,* 114 Ga. 934 (41 SE 62)) and the provisions of *Code* § 110-406, either prior to, or after the amendments of 1946 and 1953 (Ga. L. 1946, pp. 761, 779; Ga. L. 1953, Nov. Sess., pp. 440, 452) being applicable only to suits founded on unconditional contracts in writing,

do not apply, and no issuable defense is required to be pleaded under oath.

3. While some of the installments on the note sued on depended for their maturity upon default in the payment of a prior installment or installments, and also upon the holder's election thereupon to declare the whole indebtedness due, the filing of the suit upon the entire series of installments amounted to such election. *Board of Educ. of Glynn County v. Day*, 128 Ga. 156 (6) (57 SE 359). The filing of such a suit being an undeniable fact, the defendant's denial of the plaintiff's allegation that "the payments provided for by said contract are presently in default" raised no issue of fact for determination by the jury; nor did such denial constitute any valid objection that, as to some of the installments, the suit was prematurely brought. *Pape v. Woolford Realty Co.*, 35 Ga. App. 284 (2) (134 SE 174).

4. Where, in a suit on such a note, attorney's fees are claimed, and it is alleged that notice was given pursuant to *Code* § 20-506 as amended by the Act of 1953 (Ga. L. 1953, p. 545) and the defendant in his answer admits the jurisdictional averments but denies Paragraph 2, which alleges the indebtedness on the note sued upon and attached as Exhibit A and that the payments are in default, and denies Paragraph 3, which alleges the giving of the notice of attorney's fees, denies that he is indebted to the plaintiff in the sum sued for or any other sum, and denies that he signed the promissory note as maker but that he signed the same as surety only, such answer sets up at least an issuable defense, that the notice of attorney's fees was not given. See *O'Kelly v. Welch*, 18 Ga. App. 157 (2) (89 SE 76).

5. Assuming, without deciding that in the absence of an amendment to the petition striking the claim for attorney's fees (even though there was an oral waiver of the attorney's fees by the plaintiff) a motion to strike the defensive pleadings as not setting forth an issuable defense should have been granted by the trial judge (even though the waiver of attorney's fees admitted the defense pleaded to that extent), it is not necessary to decide whether or not the plaintiff might therefore have been entitled to judgment by default against the defendant for the principal and interest sued for, since it appears that prior to the time of making such motion with waiver of attorney's fees the plaintiff had introduced

evidence in an attempt to prove his case and in the process had admitted that the defendant was a surety on the note and that certain security on the note had been released without the defendant's consent, thus releasing the defendant from his obligations on the note, and the trial judge, before whom the case was tried without a jury, rendered a judgment in favor of the defendant accordingly. It follows, therefore, that in the absence of an attack on this judgment and in view of the solemn admissions recited in the judgment which show plaintiff has no valid and just claim against the defendant, the case must be affirmed.

*Judgment affirmed. Felton, C. J., Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Deen, JJ., concur.*

ARGUED JULY 5, 1966—DECIDED NOVEMBER 2, 1966.

*Owens & Porter, William J. Porter,* for appellant.
*Kemp & Watson, John L. Watson, Jr.,* for appellee.